IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:14-cr-00141-GHD-SAA-14

WILLIAM ELLIS OVERTON  DEFENDANT

## MEMORANDUM OPINION DENYING DEFENDANT WILLIAM ELLIS OVERTON'S MOTION FOR WRIT OF HABEAS CORPUS

Presently before the Court is a motion for writ of habeas corpus [603] filed by Defendant William Ellis Overton against the Warden of the federal facility where the Defendant is incarcerated. The Defendant argues that the Warden is holding him in violation of the Constitution and laws of the United States in that he "continues to use inaccurate and incomplete information in his system of records concerning [the Defendant's] 'jail time credit' and when the United States obtained 'exclusive custody' over him." The Defendant further argues that this is a violation of 5 U.S.C. § 55a(d), (g)(1)(C) and (D), "which grants the Court jurisdiction to hear the instant Writ as well," and that "[t]he Warden's intentional and willful refusal to correct his system of records and credit the jail time for which [the Defendant] was in the 'exclusive custody' of the United States[] substantially [a]ffects his Fifth Amend[ment] [r]ights under due process to include his liberty interest, where it [a]ffects his release date." The Defendant requests that this Court direct the Warden to correct his system of records concerning jail credit to begin on March 18, 2015.

For offenses committed after November 1, 1987, federal sentences and prior custody credits are governed by the following provisions of 18 U.S.C. § 3585:

a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

A defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b); see *Sell v. United States*, 539 U.S. 166, 186, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003). A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. *United States v. Dowling*, 962 F.2d 390, 392 (5th Cir. 1992). "After a district court sentences a federal offender, the Attorney General [of the United States], through the [Bureau of Prisons], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992); see 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").

"**District courts are not authorized under 18 U.S.C. § 3585 to compute service credit.** Prisoners may seek administrative review of the computation of their credit; they may

pursue judicial review of their sentence computation only after exhausting their administrative remedies." *United States v. Castillo-Saucedo*, 475 F. App'x 991, 992 (5th Cir. Aug. 21, 2012) (per curiam) (citing *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)).

Accordingly, Defendant first must seek review of his credit through the Bureau of Prisons, and the Bureau of Prisons must make a decision. Once this is done, the Defendant will be considered to have "exhaust[ed] his administrative remedies." At that time, if the Defendant wishes, he may file another motion for credit on sentence for time served in this Court; he should include the following in the motion:

(1) The Defendant should explain how he tried to resolve the matter with the Bureau of Prisons;

(2) The Defendant should explain the decision of the Bureau of Prisons; and

(3) The Defendant should explain whether his federal sentence had commenced before or after he served time during the dates alleged. Defendant should note that a federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence.

ACCORDINGLY, the Defendant's motion for writ of habeas corpus [603] is DENIED; the Defendant may file a new motion if and when he has exhausted his administrative remedies.

An order in accordance with this opinion shall issue this day.

THIS, the 10 day of November, 2016.

_____
SENIOR U.S. DISTRICT JUDGE